**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 14-34668 |
| | ) | Chapter 7 |
| DALE J. KOTNOUR | ) | |
| | ) | Hon. Deborah L. Thorne |
| Debtor. | ) | |
| | ) | Hearing Date: June 22, 2016 |
| | ) | Hearing Time: 10:00 a.m. |

**COVER SHEET FOR FIRST AND FINAL APPLICATION FOR
COMPENSATION AND EXPENSE REIMBURSEMENT OF SEYFARTH SHAW LLP
AS COUNSEL TO CHAPTER 7 TRUSTEE, GUS A. PALOIAN**

Name of Applicant:                     Seyfarth Shaw LLP

Authorized to Provide
Professional Services to:              Chapter 7 Trustee, Gus A. Paloian

Date of Retention:                     June 22, 2016, retroactive to February 1, 2015

Period for which Compensation          February 1, 2015 through the close of the case
and Reimbursement is Sought:

Amount of Final Compensation
Sought:                                $9,137.00

Amount of Final Expense
Reimbursement Sought:                  $    53.10

This is a:    X   Final         _____ Interim Application.

Prior Applications:  None

Dated: May 26, 2016                    Respectfully submitted,

                                       GUS A. PALOIAN, not individually or
                                       personally, but solely in his capacity as the
                                       Chapter 7 Trustee of the Debtor's Estate,

                                       By:/s/ Gus A. Paloian
                                         Gus A. Paloian (06188186)
                                         Bret M. Harper  (6299968)
                                         SEYFARTH SHAW LLP
                                         131 South Dearborn Street
                                         Suite 2400
                                         Chicago, Illinois 60603
                                         Telephone: (312) 460-5000
                                         Facsimile: (312) 460-7000

26303353v.1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: ) | Case No. 14-34668 |
| ) | Chapter 7 |
| DALE J. KOTNOUR ) | |
| ) | Hon. Deborah L. Thorne |
| Debtor. ) | |
| ) | Hearing Date: June 22, 2016 |
| ) | Hearing Time: 10:00 a.m. |

**FIRST AND FINAL APPLICATION FOR COMPENSATION AND EXPENSE
REIMBURSEMENT OF SEYFARTH SHAW LLP AS COUNSEL
TO CHAPTER 7 TRUSTEE GUS A. PALOIAN
FROM FEBRUARY 1, 2015 THROUGH THE CLOSE OF THE CASE**

Pursuant to Sections 105(a) and 330 of the United States Bankruptcy Code, Seyfarth Shaw LLP ("Seyfarth"), as counsel to Gus A. Paloian, not individually or personally, but solely in his capacity as the duly-appointed Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of the above-captioned debtor (the "Debtor"), hereby submits its First and Final Application for Compensation and Expense Reimbursement (the "Application") for legal services performed, and expenses incurred, during the period of February 1, 2015, through the close of the case (the "Application Period"). In support of this Application, Seyfarth respectfully represents, as follows:

**I. INTRODUCTION**

1. Seyfarth makes this Application pursuant to: (A) Sections 330, 503(a) and (b), and 507(a)(2) of title 11 of the United States Code, 11 U.S.C. §§ 101 through 1330, as amended (the "Bankruptcy Code"); (B) Rule 2016 of the Federal Rules (the "Rules") of Bankruptcy Procedure; (C) certain applicable provisions of the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330, as adopted by the Office of the United States Trustee; (D) Rule 5082-1 of the Local Bankruptcy Rules (the "Local

26303353v.1

Rules") for the United States Bankruptcy Court for the Northern District of Illinois (the "Court"); (E) an Order of this Court, authorizing Seyfarth's retention as counsel to the Trustee effective as of February 1, 2015 (the "Seyfarth Retention Order"); and (F) other applicable case law discussed herein (collectively, the "Authorities for Relief"). In this regard, Seyfarth has made every reasonable effort to comply with the Authorities for Relief.

2. In making this Application, Seyfarth respectfully seeks an Order of this Court awarding and authorizing payment from the Estate of final allowance of compensation in the amount of $9,137.00 (the "Fees") for professional services rendered by Seyfarth on behalf of the Trustee during the Application Period.

## II. JURISDICTION

3. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is before the Court pursuant to 28 U.S.C. § 157 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue of this Case and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and (b)(2)(A), (M), and/or (O). The predicates for the relief requested herein are 11 U.S.C. §§ 105(a), 330, and 331.

## III. BACKGROUND

### A. Case Background

4. On September 24, 2014, the Debtor filed a petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 through 1330, as amended (the "Bankruptcy Code"), thereby commencing the above-captioned Case.

5. Thereafter, Gus A. Paloian was appointed as Chapter 7 Trustee for the Estate.

6. The Debtor' original §341 Meeting of Creditors ("Meeting of Creditors") was held on November 12, 2014.

7. The Debtor' Meeting of Creditors was subsequently continued three (3) times to December 17, 2014, January 16, 2015 and February 6, 2015.

8. On February 10, 2015, the Trustee filed an Initial Report of Assets.

9. Simultaneous with this Application, Seyfarth is filing its retention application. A copy of the proposed retention Order is attached hereto as **Exhibit 1.**

### B. Summary of Services Rendered by Seyfarth to the Trustee

10. This is Seyfarth's First and Final Application for compensation and expense reimbursement in the Case.

11. Seyfarth has neither previously received nor been awarded any compensation of fees, or reimbursement of expenses incurred, related to the Case during the Application Period.

12. In accordance with Section 504 of the Bankruptcy Code, Rule 2016, and the U.S. Trustee Guidelines, no payments have heretofore been made, promised to, or applied by Seyfarth for services rendered or to be rendered or expenses incurred in any capacity whatsoever in connection with the Case. Moreover, no agreement or understanding exists between Seyfarth and any other entity for a division of compensation or expense reimbursement to be received herein or in connection with the Case, other than as permitted under the Bankruptcy Code and Rules.

13. The Fees requested by Seyfarth for legal services rendered to the Trustee during the Application Period aggregate $9,137.00.

3

14. All of the Fees for which Seyfarth requests final allowance and payment of compensation relate to the Application Period and were rendered in connection with the Case and in the discharge of Seyfarth's professional responsibilities as counsel to the Trustee. During the Application Period, Seyfarth has rendered 23.70 hours of professional services.

15. A breakdown of the Fees by each Seyfarth professional; each such professional's title, hourly rate, and total hours expended in providing legal services; and the value attributable to such legal services is, as follows:

| PROFESSIONAL | TITLE | 2015 HOURLY RATES | 2016 HOURLY RATES | TOTAL HOURS | VALUE |
| --- | --- | --- | --- | --- | --- |
| Gus A. Paloian | Partner | $685.00 | N/A | 5.60 | $3,836.00 |
| Bret Harper | Associate | $330.00 | N/A | 5.70 | $1,881.00 |
| Jennifer M. McManus | Paralegal | $300.00 | $310.00 | 10.70 | $3,250.00 |
| Julie Ziegler | Case Assistant | $100.00 | N/A | 1.70 | $170.00 |
| **TOTAL:** | | | | 23.70 | $9,137.00 |

16. The above table indicates the respective discounted hourly rates of Seyfarth professionals during the Application Period as adjusted from time to time by Seyfarth pursuant to its normal and customary billing practices.

17. Seyfarth made every reasonable effort to have the services that it rendered to the Trustee performed by those qualified professionals charging the lowest hourly rates consistent with the level of service, experience, and efficiency required of a given task.

18. The services rendered by Seyfarth on behalf of the Trustee have been in connection with the sale of Debtor's interest in rental property located in Plano, Illinois, which

4

26303353v.1

realized gross proceeds of $30,000.00 for the benefit of the Estate. In connection with the foregoing, Seyfarth has expended 23.70 hours of services for which it requests compensation in the amount of $9,137.00.

19. All of the Fees for which Seyfarth requests allowance and payment of compensation relate to the Application Period. Detailed statements of the services performed during the Application Period are attached hereto as **Exhibit 2**.

20. Seyfarth respectfully submits that its services to the Trustee during the Application Period have, in all respects, been reasonable, necessary, and beneficial to the Estate, as further discussed herein.

21. Seyfarth further submits that the total fees sought herein, for services rendered during the Application Period, have been voluntarily reduced in the aggregate amount of $1,510.00.

22. "Section 330(a) [ ] expressly contemplates compensation for preparation of fee applications." Smith v. Edwards & Hale, Ltd. (In re Smith), 317 F.3d 918, 927 (9th Cir. 2002), cert. denied sub nom. Smith v. Grimmett, 538 U.S. 1032, 123 S. Ct. 204, 155 L. Ed. 2d 1060 (2003); see 11 U.S.C. § 330(a)(6).

### C. Reasonableness of Compensation Requested

23. In accordance with 11 U.S.C. § 330(a)(1), Seyfarth seeks reasonable compensation for actual and necessary services provided to the Trustee. Such compensation is fair based upon the time, nature, extent and value of such services and the hours expended and the expertise provided. Seyfarth's efforts have resulted in tangible and substantial benefit to the Estate, as discussed *supra*.

24. Seyfarth has kept its time in tenths of an hour, or six minute increments, to most accurately reflect the specific tasks performed.

26303353v.1

25. Seyfarth has, to the best of its ability, kept to a minimum the amount of time spent by its attorneys engaging in intra-office conferences and double-staffing hearings.

26. Under the circumstances, the compensation requested by Seyfarth is fair and reasonable, and its allowance and payment, in full, is justified.

### D. Incurred Expenses

27. As set forth in attached **Exhibit 3**, Seyfarth advanced $53.10 in expenses (the "Expenses") on behalf of the Estate during the Application Period.

28. A portion of the Expenses consists of in-house photocopying charges, which Seyfarth has voluntarily reduced to $0.10 per page.

29. Additionally, Seyfarth advanced out-of-pocket expenses on behalf of the Estate for online legal research conducted through Pacer, Shepard's, Law Review and Lexis services. The charges for these expenses are *actual and at cost*.

30. In this respect, there is no mark-up of the online legal research charges and no profit derived by Seyfarth from them. Seyfarth ordinarily and customarily passes its discount on such services *through to the client*—in this instance, the Estate—billing the client only what Seyfarth is actually charged for use of the online resources.

31. The Expenses for which Seyfarth seeks reimbursement are representative and typical of the types of expenses that Seyfarth ordinarily and customarily charges its non-bankruptcy clients. Such expenses are neither taken into consideration in determining, nor built as "overhead" into, Seyfarth's hourly rates.

32. Instead, Seyfarth generally adheres to the so-called "user fee" billing system for out-of-pocket expenses—that is, Seyfarth charges expenses to the particular clients who use them, in this instance the Estate, at cost.

6

## IV. STATEMENT OF APPLICANT PURSUANT TO 11 U.S.C. § 504 AND FED R. BANKR. P. 2016

33. Other than as provided in 11 U.S.C. § 504(b), Seyfarth has not shared or agreed to share any compensation or expense reimbursement as a result of the Case with any person, firm or entity. No agreement or understanding exists between Seyfarth and any other person, firm or entity concerning the sharing of compensation or expense reimbursement received, or to be received, on account of the Case.

## V. NO PRIOR REQUEST

34. No prior request for the relief requested by this Application has been made to this Court or to any other court.

## VI. RELIEF REQUESTED

WHEREFORE Seyfarth respectfully requests that the Court enter an Order:

A. Allowing Seyfarth final compensation in the total amount of $9,137.00;

B. Allowing final expense reimbursement in the amount of $53.10; and

C. Granting such other and further relief as this Court deems proper.

Dated: May 26, 2016

Respectfully submitted,

GUS A. PALOIAN, not individually or personally, but solely in his capacity as the Chapter 7 Trustee of the Debtor's Estate,

By:/s/ Gus A. Paloian
Gus A. Paloian (06188186)
Bret M. Harper (6299968)
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

7

26303353v.1